Good morning, Your Honors. Melinda Cantrell on behalf of Defendants Appellants Sgt. James Duran and Deputies Pablo Partida and Robert Martinez. I would like to reserve two minutes for our rebuttal. Defendants respectfully submit they are entitled to qualified immunity from plaintiff's claims for unlawful arrest, malicious prosecution, and conspiracy, and request that the Court reverse the trial court's order denying partial summary judgment in their favor. Your probable cause argument has changed on appeal, correct? It was more focused on the 148 below. It was expanded. And now you're saying that you don't have to worry about the 148 just because Mr. Deon Dirks conceded that there was a traffic violation and the officers could have arrested him for that, and so that ends the probable cause inquiry? That's correct, Your Honor. We still submit that there was probable cause to arrest based on the incident for a violation of Penal Code Section 148. But as the Court is aware, in analyzing qualified immunity, one prong is whether the plaintiff suffers a constitutional violation. In this case, the plaintiff's Fourth Amendment rights could not have been violated because he admits that he committed the traffic code violation. What was the traffic violation? It's a violation of California Vehicle Code 21755. Specifically, Mr. Dirks admits that he was driving northbound in a right-turning lane, and instead of turning, he proceeded with northbound traffic once he reached the intersection. That's undisputed. He changed lanes in the intersection, essentially. Basically, he made a turn into a turning lane and drove northbound, and instead of turning, he merged into northbound traffic when he reached the intersection. And that's why. I'm just not sure. Did he actually admit? Correct. He admitted that. I don't see why he admitted that. What he admitted – I gather the admission that you are talking about is the following, that under the Statement of Uncontroverted Facts, it says that they were on patrol, these deputies were on patrol in a mock patrol vehicle traveling on such-and-such south and northbound traffic when they observed a vehicle driven by plaintiff commit a moving violation and proceeded to pull him over, admit. Now, first of all, that doesn't say what moving violation they thought he committed, but it seems to me to be much more reasonably read as saying that they believe they – that they – in their view, they observed a vehicle and pulled him over, rather than admitting that he, in fact, committed the violation. Actually, Your Honor, at ER 137, the plaintiff's own testimony is that he did this moving violation and in the Respondent's Brief, pages 4 to 5, they also admit that he drove in the right-turning lane and instead of turning – But that's a different question from whether he admitted it. All right. Now, you seem – because if he didn't admit it, then the fact that you are raising this for the first time in the appeal is putting him in an unfair position because he never was able to introduce evidence or argument about whether it was or wasn't a traffic violation. I mean, so whether we address something that you didn't raise in the district court would turn in part on whether there was any fair dispute. Now, if he admitted it, that would be one thing. But if there was – if he didn't admit it, it would be quite different. I understand Your Honor's concern. I know the issue was not raised in the district court, but the standard is if the record was fully factually developed, then – And why would it be fully factually developed? Well, that's what we're considering. It's very hard to see if it's developed because it's very unclear what the actual violation was. Now, if you lose on this point, you'll have a chance at trial to make a showing, won't you? Yes, we would pursue this argument further at trial, and we would request in judicial efficiency of the courts and the parties' time that the record is fully developed because the evidence relied upon in the separate statement to support the fact that the officers observed him commit a traffic code violation, which he does admit in the separate statement, is the deposition testimony of the plaintiff himself, who says that he did this conduct of driving in the turning lane and then merging into northbound traffic. And which is the section that you're saying that was thereby violated? That is California Vehicle Code 21755. A driver shall not drive on the right-hand side and pass vehicles on the right-hand lane. It actually doesn't say that. It says you can overtake and pass another vehicle on the right only under conditions permitting such movement in safety. Right, Your Honor. That was the second clause, unless the conditions are safe, but in no event shall they drive in the unmarked lanes. Here, he did not drive in – It doesn't say either. It says in no event shall such movement be driving off the paved or main travel portion of the roadway. That's quite different. Well, yes. You're not really – you're misrepresenting what was said, what the statute said. You just said it twice in a row. Excuse me, Your Honor. I didn't mean to misrepresent. It's my understanding that under the statute the driver is not supposed to drive in the – off the main portion of the traveled roads. In this case, there was two northbound traffic lanes and the plaintiff admitted he didn't drive in those lanes northbound. Rather, he drove in the turning lane and then merged with northbound at the intersection. And that's – I understand as to me you don't drive on the – on the shoulder. I understand, Your Honor. It's my understanding he's not supposed to drive northbound in the turning lane. I understand he's not, but this section actually does not address that, surprisingly enough. And also he's not supposed to pass cars on the right unless it's safe to do so. And we would submit it's not safe to do so by using the turning lane so that the vehicle code section – But that's the kind of thing you'd want to have evidence on. I'm sorry? That is exactly the sort of thing that you'd want to put evidence on if it was an issue, was it safe or not. Your Honor, I submit that they admitted that the officers observed him commit a traffic code violation. And under the – Well, you still don't know what it was. You know, this is a – why are you spending our time on this? You go back to trial and you can prove what you want. Well, then, Your Honor, I would like to argue that what we also pursued in our brief is under the conduct at the time of the incident, there was probable cause or reasonable belief that probable cause existed to arrest the plaintiff for a violation of penal code. Okay. What was the conduct specifically? Well, we believe there were several violations of Section 148 at the time of the incident. The first is this was a valid traffic stop investigation and the deputies approached the vehicle. Under the United States Supreme Court precedent, Pennsylvania v. Mims, it's always proper for an officer to order the driver of the vehicle to step out of the car. In this case, the officer asked Mr. Dirks if he had a driver's – valid driver's license, but he didn't produce his license because he said the officer did not ask to see the license. And at that point, Deputy Partita instructed the plaintiff to step out of the vehicle. Well, at that point, why didn't he say, well, you show me your license? He said he had a license. Under the plaintiff's version of the facts – well, Your Honor, that's correct. He could have done so, but under Pennsylvania v. Mims, the driver at any point – the officer at any point can order the driver to exit the vehicle. In this case – Let's be clear. The facts that we're looking at are Dirks' facts, aren't they? They're not the officer's facts. Correct. And based only on Dirks' facts – So be very careful to state the facts as Dirks states them, not the way the officer does. Yes, sir. And I am only going on Plaintiff Dirks' facts. According to Plaintiff Dirks, the officer asks him to step out of the vehicle. According to Dirks, it was not the very first thing they asked him, whether you're on probation or parole. According to the plaintiff, that was a question that was asked of him, yes. First question that was asked before – even before the driver's license. I'm not 100 percent sure on that, Your Honor, but that may be correct. But – That's peculiar, don't you think? Taking the plaintiff's facts as true, I wouldn't think that it's necessarily peculiar. And – I would think it was really peculiar if somebody stopped me for a traffic violation purportedly and asked me whether I was on probation or parole. All right, Your Honor. Notwithstanding – First, before they ask me anything else or any reason to think I was. Notwithstanding, under Pennsylvania v. Mims, an officer can at any point instruct the driver to exit the vehicle while he's doing a traffic investigation. And that is because there's an extraordinary risk of receiving – All right. So is your fallback argument – I want to ask some questions about the malicious prosecution. I see your time's going away. But is your fallback argument on the resisting arrest that a reasonable officer – is this the second prong of false dossier? Correct. Well, both. That there was probable cause to arrest for 148 based on the conduct before and after the incident. And then, in addition, the law was not clearly established that the officer could not have believed that these facts – that not getting out of the car and pulling his arm away violated Penal Code Section 148. All right. He did get out of the car, didn't he? He did eventually comply with the request to get out of the car. Approximately how many seconds after he was asked to get out of the car? It was shortly after, but he didn't try to exit the vehicle until Deputy Partita, under the plaintiff's versions of the facts, tried to open the car door himself. So at that point – Because we said the car was broken. The door was broken. Right. But it wasn't – he didn't even attempt to exit until he was told twice to get out of the vehicle, and then the deputy told him that – tried to actually open the door himself to get him out of the vehicle. At that point, he did try to exit. But under N. Ray Muhammad, the fact that a suspect ultimately complies doesn't erase the probable cause for arrest. Ultimately meaning within a matter of seconds. Well, that's true, Your Honor, but it's – and the ongoing facts are undisputed. He twice didn't comply when told – No, he twice said why. I'm sorry? What he did was say why. He said why, but that – the point is he didn't comply with the order. Do you think – is your position he shouldn't have said why? No, Your Honor. The opposition is he should have complied with the court – the officer's order to exit the vehicle. And with regard to the malicious prosecution claim, we filed a Rule 28J letter. The claims against Sergeant Duran we'd respectfully submit must be dismissed under the recent case Smith v. Almada, decided October 19th, which states you can't have a Section 1983 claim based on the failure to turn over exculpatory evidence that the plaintiff wasn't convicted. And with regard to the remaining malicious prosecution claims against the deputies under Pupil v. Hatch, the same argument – similar argument that the plaintiff is pursuing here was addressed by the court, and that is a statement by the prosecution that they're seeking dismissal under Penal Code Section 1385 based on the evidence does not equate to a finding that there was a termination of the criminal proceedings. Now, it's my understanding that the judge that dismissed was not the same judge that heard the trial. Is that correct? That's correct, Your Honor. And there's no evidence that the substantial evidence standard was applied. And the trial that we're talking about was the 148 trial, the criminal trial that Mr. Dirks was involved with, right? Correct. And so if he had been convicted, obviously that would be a heck bar in this situation. But he wasn't convicted. They hung, or whatever, him. Okay. Why are you – well, let me rephrase that. Now, the excessive force still is around, right? And you're not appealing it. Correct. There's a tribal issue of fact as to whether excessive force was used during the struggle with the officers and Mr. Dirks. What? You're relying upon a malicious prosecution case in California law. Correct. And I know there is some case law in this Court that seems to do that. But what sense does that make? Because in order to pursue a constitutional violation for a malicious prosecution, the elements of that claim under Poppel and Awabdi Ninth Circuit cases are, first, the plaintiff must establish the state law malicious prosecution elements. And the second part is that the plaintiff must establish that specific constitutional right. I believe that there's later Supreme Court law suggesting that this reference to California, to state law, is not right. I mean, I can't imagine why it would be right. It seems to me that 1983 elements are developed for their own purposes. And I don't really understand why we would be incorporating state law for that purpose. Well, under Albright v. Oliver, the United States Supreme Court said that there wasn't a 14th Amendment right to pursue a malicious prosecution case under Section 1983. Okay. And the Ninth Circuit cases that allow malicious prosecution hold that the plaintiff must first establish the state elements. I'm a little dubious. But go ahead. All right. You're over your time by three and a half minutes. We'll give you a little time for that. Thank you. Thank you. Good morning, Your Honors. Christopher Driscoll for the plaintiff and appellee clerks. I would first like to address the probable cause issue. In particular, the traffic infraction that was discussed. In essence, this is appeal by ambush. I had never heard of this vehicle code section before. In reviewing this vehicle code section, it doesn't even appear to apply to the facts. It appears to be stating that it is illegal to pass on a soft shoulder. But what were you admitting then? What were you admitting? I believe that there was a statement. And, again, this is in the separate statement. This was not in discovery. This was in the separate statement. Well, but the separate statement, you can't distance yourself from that. So what were you admitting? You weren't admitting that, yeah, they had a right to pull me over for a traffic violation, but. I was not contesting a fact because it was not relevant to any of the arguments that were made by counsel. Well, but you're admitting that they thought that you had a traffic violation. That is what I did. But if she had. But that's what they thought, that they've observed it, i.e., their perception was that there was a traffic violation. That seems different from admitting that there actually was one. The point being that if they had said that the temperature. Well, no, I guess my question is that it kind of went over this way. My question is if you admit something, are you allowed to distance yourself from it later just because it has a different relevance? I mean, when you admit something, it seems that you admit it and that you admit it because it's true or you deny it because it's not true. And that isn't dependent on how it's going to be used against you. Well, this was not a discovery admission. This was an admission in a motion, and it was an admission only for the purposes of the motion for summary judgment. That separate statement wouldn't be used as evidence. But you didn't have to admit it. You could have denied it. You're saying that you're admitting it for purposes of the issues that were being raised at that point. Correct. But what authority do you have for the fact that admissions are conditional on how someone chooses to use it against you? You know, I think something's either true or not true. Call that black and white. An admission for the purpose of a motion made by an attorney is only relevant as to that motion. That is not an admission by an attorney. Do you have authority for that? I don't have any authority by that, but that's – the attorney is not testifying. They are – I do not believe that they're going to call me at trial and say, did you admit at this motion for summary judgment to this particular fact. But you have a right to make – you know, put the case – you know, you have admit – but you talk to your client before you make these admissions. I assume you don't make them in a vacuum. I don't make them in a vacuum. If you do, that's not a good thing. If I make a declaration by the client, I obviously consult with the client. But if there is a fact that is entirely irrelevant based upon the other party's arguments, there is no reason for me to contest it. And it is not an evidentiary admission for any other purpose other than that motion. It's not evidence. It's only a statement as to that motion. I agree you weren't admitting that – you weren't admitting the legal proposition that it was probable cause, but it seems to me that there's a good argument that could be made that you were admitting the violation. For purposes of that motion, the problem with that is that now – and again, if they had raised that issue in the motion for summary judgment, then we'd be talking about something here. But the problem is, is that they raise an irrelevant point. And I don't deny it, or I may have even admitted it, because it doesn't matter. And now – In this context, admit essentially means – these are uncontroverted facts. When you say admit, what you mean is you're not controverting it. Correct. And you could be not controverting it for one of two reasons. One is because it's not true. It's true. And the other is because it doesn't matter. Correct. In this case, it didn't matter. And as to the code section they've cited, it's not a violation. Help me out on the malicious prosecution. Can Mr. Dirk's claim against Duran survive our recent decision in Smith v. Almada? Well, that's a pretty interesting question. My contention is yes, and that's based upon the Albright case. And Albright indicates that, and that's a U.S. Supreme Court case, that you do not, in fact, need to have a verdict of guilty in order for there to be a due process violation. That the actual hardship of going on trial, the limitations placed upon an individual in being placed on trial, those are sufficient in and of themselves. And I've cited Albright in my papers for other purposes. But what the difference between this and Smith is that that was a direct Brady cause of action, and this one is a malicious prosecution, and they're not the same. Is that why or what? The point being that I believe that the Supreme Court authority states a contrary point. You're saying Smith's wrong? Yes. Okay. And there's a pending – there might be a pending petition for a hearing.  But if it's not wrong, then it's not a violation. And is there a Ninth Circuit law? Then do we have to dismiss your claim? Well, I guess, again, my argument would be this issue was never raised in the motion for summary judgment, even under the prior law. I've received this one case this week, and – So you're essentially saying if we thought this mattered, you should be able to brief it. I should be able to brief it, and it could also be raised in the trial court. And I believe that it's an incorrect decision in contravention of all rights. But if it's correct, it's problematic. I would concede that, yes. Okay. Does the Court have any other questions? Judge Niren? No. No?  Thank you very much. Thank you. Thank you. I think we have exceeded your time, but we'll give you one minute. I'm not clear about the time. Go ahead. Yeah, you used your time, but – Go ahead. One minute. A gift. Just to go back to the – briefly, traffic infraction. What the separate statement says is that the officers observed a vehicle driven by a plaintiff, committed a boobie violation, and proceeded to pull him over. Now, I don't see a distinction between him committing a traffic violation or the officers observing him commit a traffic violation. In either event, a traffic violation was committed. And with regard to the argument that – Well, they could have been wrong. They could have said, I observed you seeing a traffic violation, but there could have been none. Well, then I would think that this fact would not be admitted. Exactly. It wouldn't be admitted. It would not be admitted. What do you mean? If the plaintiff is contesting the accuracy of the fact that they observed him actually commit a traffic – I'm not saying that they observed it. I mean, they perceived it, but it could be wrong. It could not have happened. Well, then I wouldn't imagine that the plaintiff in his separate statement would admit that. I would believe they would deny it because then they would say, no, you did not observe me commit a traffic code violation. And with regard to the relevance of the fact, it was a material fact in the separate statement. Well, then why would they deny it if he thought they testified truthfully they thought they observed it? That doesn't mean that he actually did it, but the truth is they thought he did it. They thought they observed it. He doesn't contest that. I see there's a subtle distinction, but I would say if he admits they observed him commit the traffic violation, he's admitting they observed him commit a traffic violation. Well, I guess the argument that would extend for that, if that's what he's admitting, then under the case law a reasonable officer would think they had probable cause to arrest him. So then you may not win on the first prong, you win on the second prong. Correct. There's no Fourth Amendment violation, even for a traffic fine only traffic offense, because if there's probable cause for any minor offense, the Fourth Amendment hasn't been violated, even if the plaintiff could pursue a state claim, false arrest claim. Okay. Thank you very much. Thank you both for your arguments. The case of Dirks v. Martinez is submitted, and we will go on to Dirks v. Grasso, the last case of the day.
judges: Noonan, Berzon, Callahan